JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

18cv1193
MMB

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**DEFENDANTS**
$8,000 IN UNITED STATES CURRENCY

18 1193

(b) County of Residence of First Listed Plaintiff   n/a
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph F. Minni, AUSA
615 Chestnut Street, Ste. 1250
Philadelphia, PA 19106-4476   (215) 861-8574

Attorneys *(If Known)*
unk.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 881, 18 U.S.C. § 983
Brief description of cause:
action to forfeit suspected drug proceeds

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE   Baylson
DOCKET NUMBER   18-MC-6

MAR 20 2018

DATE   03/20/2018
SIGNATURE OF ATTORNEY OF RECORD
Joseph F. Minni, AUSA

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**18   1193**

Address of Plaintiff: 615 Chestnut Street; Ste. 125, Philadelphia, PA 19106-4476

Address of Defendant: Unk.

Place of Accident, Incident or Transaction: Philadelphia Int'l Airport, Philadelphia, Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: 18-MC-6     Judge: Baylson     Date Terminated: currently open

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☒  No☐  (see above)

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☒  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Asset Forfeiture

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: March 20, 2018     Joseph F. Minni, AUSA     53241(PA)
                         Attorney-at-Law            Attorney I.D.#

MAR 20 2018

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/20/18     _____     53241 (PA)
                  Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| v. | : | 18   1193 |
| $8,000 IN UNITED STATES CURRENCY | : | NO. 18-CV- |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| March 20, 2018 | Joseph F. Minni, AUSA | United States of America |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 861-8574 | (215) 861-8618 | joseph.minni@usdoj.gov |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAR 20 2018

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| v. | : | No. 18-CV-_____ |
| **EIGHT THOUSAND DOLLARS IN ($8,000.00) UNITED STATES CURRENCY,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | Jury Trial Requested |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America, by its attorneys, Louis D. Lappen, United States Attorney for the Eastern District of Pennsylvania, and Sarah L. Grieb and Joseph F. Minni, Assistant United States Attorneys, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, for its complaint alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit and condemn to the use and benefit of the United States of America Eight Thousand Dollars ($8,000.00) in United States Currency ("Defendant Currency") pursuant to 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801, *et seq.*, proceeds traceable to such exchanges, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title II.

## JURISDICTION AND VENUE

2. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Currency. This court has jurisdiction over an action commenced by the United States of America under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

3. This Court has *in rem* jurisdiction over the Defendant Currency under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that this Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), and 28 U.S.C. § 1395(a) and (b), because a civil proceeding for the forfeiture of property may be prosecuted in any district where such property is found.

## THE DEFENDANT IN REM

5. The Defendant Currency is Eight Thousand Dollars ($8,000.00) in United States currency that law enforcement officials seized on or about June 22, 2017. The Defendant Currency currently is in the custody of the Drug Enforcement Administration ("DEA") and will remain within the jurisdiction of this Court during the pendency of this action.

## BASIS FOR FORFEITURE

6. The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; proceeds traceable to such an exchange; or money used or intended to be used to facilitate a violation of the Controlled Substances Act.

## **FACTS**

7. Law enforcement agents seized the Defendant Currency on or about June 22, 2017 at Philadelphia International Airport, Philadelphia, Pennsylvania.

8. At the time of the seizure, the Defendant Currency was in the custody, possession, and control of Claimant Joe Desrosiers.

9. At approximately 6:00 p.m. on June 22, 2017, DEA special agents and task force officers ("TFOs") responded to the Philadelphia International Airport after they learned that two individuals, Joe Desrosiers and Jonathan Cade, would be travelling on an American Airlines flight to Dallas, Texas, with a final destination of Sacramento, California. Desrosiers and Cade were travelling on one-way tickets that were purchased on the same day of the flight.

10. DEA special agents and TFOs arrived at the airport and confirmed that Claimant Joe Desrosiers and Jonathan Cade checked in for their flight. Neither Desrosiers nor Cade checked any baggage with the airline for their flight to Sacramento, California.

11. Joe Desrosiers and Jonathan Cade did not arrive at the departure gate (B-11) until approximately 20 minutes before the scheduled departure time for their flight.

12. TFO Alan Basewitz approached Claimant Joe Desrosiers, identified himself as a law enforcement officer, and engaged in a consensual conversation with Desrosiers regarding his travel. During the encounter, TFO Basewitz noticed that Claimant Joe Desrosiers appeared extremely nervous.

13. Claimant Joe Desrosiers advised TFO Basewitz that the purpose of his travel was to attend the funeral of a family member and he would be returning in a few days. Desrosiers

also advised TFO Basewitz that he was travelling with Jonathan Cade, his childhood friend, who was accompanying him to the funeral.

14. Although Joe Desrosiers stated that he intended to visit relatives while in California, he was unable to provide TFO Basewitz the names of any family members and their relationship to him. Desrosiers also stated that he was not sure where he would be staying while in California.

15. Joe Desrosiers consented to the search of his carryon bag by TFO Basewitz. During the search, TFO Basewitz located an envelope at the bottom of the bag that contained a large, unspecified amount of United States currency. TFO Basewitz also detected a strong odor of marijuana on the inside lining of Desrosiers' carryon bag and a shirt that was inside the bag.

16. Claimant Joe Desrosiers first explained to TFO Basewitz that he obtained the currency from his mother and it was for the funeral. When TFO Basewitz informed Desrosiers that he intended to seize the currency for further investigation, Desrosiers changed his statement and said the currency belonged to his brother.

17. Agents later conducted an official count of the Defendant Currency and determined that it totaled $8,000 and consisted of the following denominations: 72 $100 bills, 8 $50 bills, and 20 $20 bills.

18. While Joe Desrosiers was speaking with TFO Basewitz, TFO Madeline Quinones approached Jonathan Cade, identified herself as a law enforcement officer, and engaged in a consensual conversation with Cade regarding his travel. During the encounter with Cade, TFO Quinones noticed that he appeared extremely nervous.

19. Jonathan Cade advised TFO Quinones that he was travelling to California to visit his girlfriend. Cade, however, did not mention the funeral to TFO Quinones, nor was he aware of the funeral. Cade also stated that he was not going to accompany Joe Desrosiers at a funeral.

20. Jonathan Cade agreed to show TFO Quinones the United States currency that was in his possession. Cade advised TFO Quinones that the funds represented the proceeds from the settlement of an insurance claim on account of damage to his car.

21. DEA special agents and TFOs recovered a large, undetermined amount of United States currency that was contained inside a zippered compartment and wallet located in Jonathan Cade's backpack. Cade provided inaccurate information to DEA special agents and TFOs regarding his intended use of the currency in his possession.

22. Agents seized the currency that was located in Jonathan Cade's backpack for further investigation. When agents later conducted an official count of this currency, they determined that it totaled $8,017 and consisted of the following denominations: 70 $100 bills, 50 $20 bills, 1 $10 bill, and 1 $1 bill.

23. Based on their training and experience in investigating illegal drug and drug currency couriers, DEA special agents and TFOs know that packaging large amounts of currency, wrapped in large, specific denominations, is consistent with the practices of drug couriers.

24. Based on their training and experience in investigating illegal drug and drug currency couriers, DEA special agents and TFOs know that the purchase of a cross-country airline flight ticket less than 24 hours before departure is unusual, and can be indicative the traveler is an illegal drug or drug currency courier.

25. Joe Desrosiers and Jonathan Cade have a history of acting as couriers to transport bulk cash from the East Coast to California. On or about September 2, 2013, officers from the Seward County, Nebraska Sherriff's Office seized approximately $64,000 in United States currency from Desrosiers, Cade, and another individual during a traffic stop of their vehicle. During that investigation, Desrosiers admitted to officers that he and Cade were travelling with the currency to purchase marijuana.

26. On or about September 9, 2013, Joe Desrosiers was arrested by Kansas City, Missouri Police Department Officers for possession/sale/distribution of a controlled substance, namely marijuana. Desrosiers admitted to officers at that time that he had travelled to Utah to purchase marijuana.

27. During his encounter with TFO Basewitz, Joe Desrosiers provided inaccurate information to agents when he stated that he was never arrested "for anything at all in his life." However, agents conducted a criminal history check for Desrosiers which indicates that he has numerous arrests, including at least three convictions for narcotics trafficking.

28. During the period between September 2015 and August 2017, Joe Desrosiers traveled by airline at least eight times from Philadelphia, Pennsylvania to Sacramento, California.

**CLAIM FOR FORFEITURE**

29. By reaons of the foregoing, there is reason to believe that the Defendant Currency constitutes money furnished or intended to be furnished in exchange for a controlled substance; proceeds traceable to such an exchange; or money used or intended to be used to facilitate a

violation of the Controlled Substances Act, and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the plaintiff, United States of America, requests:

1. The Defendant Currency be proceeded against according to the law and the rules of this Court, and that due notice be given to all the interested parties to appear and show cause why forfeiture should not be decreed.

2. The Court, for the reasons set forth herein, adjudge and decree that the Defendant Currency be forfeited to the United States of America and disposed of in accordance with existing laws, together with costs, and for such other relief as this Court deems proper and just.

Respectfully submitted,

LOUIS D. LAPPEN
United States Attorney

SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Recovery and
Victim Witness Unit

JOSEPH F. MINNI
Assistant United States Attorney
Deputy Chief, Asset Recovery and
Victim Witness Unit

Date: March 20th, 2018.

## **VERIFICATION**

ALAN BASEWITZ. being of legal age, verifies and, pursuant to 28 U.S.C. § 1746(2), declares and states as follows:

1. I am a Task Force Officer for the Drug Enforcement Administration that was assigned to the investigation in this case.

2. I have reviewed the foregoing Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

3. The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a special agent.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on March ___, 2018 at Philadelphia, Pennsylvania.

ALAN BASEWITZ
Task Force Officer
Drug Enforcement Administration